UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BYRON JAMES BILBY,

    Plaintiff,

    v.

SGT. LACEY, et al.,

    Defendants.

CIVIL ACTION NO. 3:15-CV-00011

(CAPUTO, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

This is a civil rights action pursuant to 42 U.S.C. § 1983, initiated upon the filing of a complaint in this matter by *pro se* prisoner-Plaintiff Byron James Bilby on January 5, 2015. (Doc. 1). Plaintiff asserts claims of excessive force and deliberate indifference under the Eighth Amendment to the United States Constitution and pendent state law claims of assault and battery against Sargent Lacey, Corrections Officer Campbell and five unidentified Columbia County Prison employees. (Doc. 1, at 1). Plaintiff seeks an award of compensatory and punitive damages as well as declaratory and injunctive relief for these alleged violations of his constitutional rights. (Doc. 1). Pending before this Court is a motion to dismiss filed by Defendants Sargent Lacey and Corrections Officer Campbell. (Doc. 15). For the reasons provided herein, it is respectfully recommended that Defendants' motion to dismiss be granted and that this matter be remanded to the undersigned for further proceedings.

I.    **FACTUAL BACKGROUND**

*Pro se* Plaintiff Byron James Bilby ("Bilby"), a state prisoner currently incarcerated at State Correctional Institution—Retreat, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 5, 2015. (Doc. 1). The factual allegations forming the basis of Bilby's

complaint stem from an incident that occurred during his brief incarceration at the Columbia County Prison, located in Bloomsburg, Pennsylvania, while he was awaiting sentencing. He asserts Eighth Amendment excessive force and deliberate indifference claims against corrections officers and a health care professional employed by the Columbia County Prison; namely, Sargent Lacey, Corrections Officer Campbell ("C.O. Campbell"), four unidentified corrections officers (individually referred to as C.O.1 John Doe, C.O.2 John Doe, C.O. 3 John Doe, and C.O. 4 John Doe, respectively), and one unidentified nurse ("Nurse Jane Doe"). (Doc. 1, at 3). Bilby additionally sets forth pendant state law claims for assault and battery. (Doc. 1, at 3).

Specifically, in his eight-page complaint, Bilby alleges that on September 5, 2014, he was transported by the Columbia County Sherriff's Department to the Columbia County Prison to await sentencing. (Doc. 1, at 3). At intake, he was assigned to a cell with six other cellmates, was provided with a mattress, and was informed at that time that he would be sleeping on the floor with the mattress supplied to him. (Doc. 1, at 3). While he was unpacking, C.O.1 John Doe confronted him at his cell and stated: "We have a fun filled itinerary lined up just for you." (Doc. 1, at 4). The following day, at approximately 9:45 p.m., Bilby proceeded to the "med-line" to receive his medications. He alleges that Nurse Jane Doe, who was dispensing his mediations, told him that he was "a trouble maker and will be dealt with accordingly." (Doc. 1, at 4). As Bilby began walking back to his cell, he overheard Nurse Jane Doe directing someone to "get him tonight." (Doc. 1, at 4).

Sometime after that interaction with Nurse Jane Doe, Bilby was ordered by C.O. 1 John Doe to pack up his property and wait in the sally port. While waiting in the sally port, Sargent Lacy and C.O. Campbell approached Bilby. Sargent Lacey emptied a bottle of "OC spray," in

Bilby's face at close range and threw Bilby to the ground, at which point John Doe Defendants 1 and 2 began assaulting Bilby by kicking him, while John Doe Defendants 3 and 4 "forced Plaintiff's arms in wa[y]s they don't go causing extreme blinding pain. (Doc.1, at 4). Bilby alleges that he was then handcuffed, forced up off of the ground by the chain of the handcuffs, and slammed head first through several doorways as they escorted Bilby to the Restrictive Housing Unit. (Doc. 1, at 4). Bilby requested immediate medical treatment for the pain in his left eye and right shoulder caused by the pepper spray and the repeated kicks to his body. C.O. Campbell responded to Bilby's request for medical treatment by placing Bilby under hot water in the shower to "decontaminate," which "enhanced the OC spray causing Plaintiff excruciating burning pain and making it hard to breath[e]." (Doc. 1, at 5). Bilby was then removed from the shower and placed on a medical exam table to be examined by Nurse Jane Doe.

     Bilby complains that Nurse Jane Doe's examination of him solely consisted of her "squeeze[ing] [his] nose closed twice." (Doc. 1, at 5). He also alleges that while she was conducting this "examination," she whispered to him "very quietly . . . 'told you [you] would be dealt with accordingly.'" (Doc. 1, at 5). He insists that Nurse Jane Doe provided no treatment for his complaints of pain, "not even ice for the swelling in [his] left eye and . . . right shoulder where [he] was having [the] most pain." (Doc. 1, at 5). After his examination, he was escorted back to the shower stall where he was able to "decontaminate" with cold water and was then placed back into his cell, where he continued to endure "severe pain from the beating and the enhanced burn of the OC spray." (Doc. 1, at 5). While in his cell, Bilby experienced a trauma-induced seizure. (Doc. 1, at 5). Specifically, Bilby claims that the blunt force trauma to his head that he sustained by being slammed, head first, through several "steel door[s],"

triggered his diagnosed recurrent seizure disorder, causing him to have a seizure in his cell, to which he received no medical treatment either during or after the episode. (Doc. 1, at 5). As a result of this incident, Bilby seeks compensatory and punitive damages as well as declaratory and injunctive relief against Defendants. (Doc. 1, at 6).

On May 14, 2015, named Defendants Campbell and Lacey filed a motion to dismiss Bilby's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15), together with a brief in support thereof. (Doc. 16). In this motion, Defendants seek dismissal of Bilby's Eighth Amendment deliberate indifference claim, and his claim for declaratory and injunctive relief. (Doc. 16). To date, Bilby has neither filed a brief in opposition to Defendants' motion to dismiss, nor requested an extension of time in which to do so. Accordingly, the Court deems Defendants' motion unopposed.[1]

## II. LEGAL STANDARD

### A. RULE 12(B)(6) STANDARD FOR DISMISSALS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more

---

[1] Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion.

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106

5

(1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). "The [C]ourt's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss." *Banks*, 568 F. Supp. 2d at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

**III.    DISCUSSION**

   A.   EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM

Defendants Sargent Lacey and C.O. Campbell move to dismiss Bilby's deliberate indifference claim under the Eighth Amendment, as Bilby avers that these Defendants provided him with prompt medical attention after the alleged assault. (Doc. 16, at 3).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, No. 10–1486, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978) ("This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious."). A serious medical need exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 825 (1994).

> [T]he concept of a serious medical need . . . has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences. The [inmate's] condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'
>
> *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnt. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

As a preliminary matter, this Court is unconvinced that any of the injuries Bilby allegedly suffered during the beating constituted a serious medical need. *See Brown v. Rodarmel*, No. 3:CV-10-293, 2013 WL 1249023, at *11 (M.D. Pa. Mar. 27, 2013) (holding that bruises,

minor lacerations, and head, shoulder, and back pain constitute temporary discomforts and do not amount to a serious medical need); *Wade v. Colaner*, No. CIV A 06CV3715(FLW), 2009 WL 776985, at *11 (D.N.J. Mar. 20, 2009) ("[T]he normal effects of pepper spray on a person, i.e. burning, are not of the kind to constitute a serious medical need."); *Frederick v. Hanna*, No. CIV.A. 05-514, 2006 WL 3489745, at *8 (W.D. Pa. Dec. 1, 2006) ("The nature of pepper spray is to cause pain that dissipates without causing serious injury."). Moreover, even if this Court were to assume for purposes of this analysis that Bilby has sufficiently alleged a serious medical need, Sargent Lacey and C.O. Campbell's conduct did not amount to deliberate indifference towards that need.

The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). The defendant must be aware of facts from which the inference could be drawn that a substantial harm exists, and he also must draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test for whether a prison official acted with deliberate indifference is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 841. Only egregious acts or omissions can violate this standard. *See White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990). Deliberate indifference may be shown "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). However, "[m]ere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to

serious medical needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. Appx. 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

Judged against the foregoing standard, Defendants' conduct does not rise to the level of deliberate indifference needed to state a claim for an Eighth Amendment violation. Most tellingly, Bilby admits in his complaint that Sargent Lacey and C.O. Campbell brought him to "one of the table benches to be checked" by Nurse Jane Doe after Plaintiff was removed from the shower. (Doc. 1, at ¶¶ 23-24). This admission that Sargent Lacey and C.O. Campbell promptly took Bilby to be checked by Nurse Jane Doe directly contradicts his claim of deliberate indifference. *See Wilson v. Haas*, No. CIV.A. 11-7001 NLH, 2012 WL 6761819, at *9 (D.N.J. Dec. 28, 2012) ("With respect to Officers Zeller, Trullender, and Vest–2, the allegations that they took Plaintiff to the nurse belie any suggestion of "deliberate indifference."). In bringing Bilby to be examined by a medical professional, Sargent Lacey and C.O. Campbell did not display any of the conduct that has been found to support a finding of deliberate indifference under *Rouse*. Accordingly, this Court concludes that Sargent Lacey and C.O. Campbell's actions were reasonable in light of any medical needs that Bilby may have had.

As Bilby fails to allege facts demonstrating that he suffered from an objectively serious medical need, and, more importantly, because Sargent Lacey and C.O. Campbell did not respond with deliberate indifference to any serious medical need that Bilby may have had, it is recommended that Defendants' motion to dismiss be granted, and that Bilby's Eighth Amendment deliberate indifference claim against Sargent Lacey and C.O. Campbell be dismissed from the instant action as it relates to the treatment of Bilby in the aftermath of his alleged beating.

B. CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

While Defendants do not address it in their motion to dismiss, Bilby requests an award of punitive damages against Defendants, presumably in their official capacities.

It is well established that municipal entities are immune from punitive damage awards in a civil rights action brought under § 1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Bolden v. S.E. Pa. Transp. Auth.,* 953 F.2d 807, 830 (3d Cir. 1991) (holding municipalities immune from punitive damages under § 1983). It is also beyond cavil that a suit against an individual municipal employee in his or her official capacity is the functional equivalent of a suit against the municipality. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Consequently, since a suit against a municipal employee in his or her official capacity is merely a suit against the municipality itself, punitive damages cannot be recovered against a municipal defendant sued in his or her official capacity, as any punitive damage award would be collected from the municipality, which is likewise barred. *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 255 (M.D. Pa. 2009) ("It is well established that punitive damages cannot be recovered against municipalities or individual employees acting in their official capacities.").

Accordingly, to the extent Bilby asserts a claim for punitive damages against Defendants in their official capacities, such a claim fails as a matter of law and must be *sua sponte* dismissed, as Supreme Court precedent is clear that punitive damages cannot be recovered from municipal defendants in their official capacity.

C. CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants additionally seek dismissal of Bilby's claims for declaratory and injunctive

relief. (Doc. 16, at 6).

"[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive and declaratory relief. *Sutton*, 323 F.3d at 248; *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981). Such claims are not mooted when "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton*, 323 F.3d at 248 (alteration and internal quotation marks omitted). A prisoner's claim for damages is not mooted by a transfer. *Sutton*, 323 F.3d at 249; *Allah v. Seiverling*, 229 F.3d 220, 222 n.2 (3d Cir. 2000); *Weaver*, 650 F.2d at 27 n.13.

At the time of the events giving rise to this action, Bilby was incarcerated at the Columbia County Prison, awaiting sentencing. Bilby was subsequently transferred back to SCI-Retreat, where he is currently incarcerated. Thus, with respect to these Defendants, who are Columbia County Prison officials, Bilby's claims for declaratory and injunctive relief are clearly moot.

Accordingly, it is recommended that Defendants' motion to dismiss be granted and Bilby's claims for declaratory and injunctive relief be dismissed as moot.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint filed *pro se* is vulnerable to dismissal for failure to state a claim,

unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In the matter *sub judice*, it is clear that amendment of the complaint would be futile with respect to Plaintiff's request for punitive damages against Defendants in their official capacities and Plaintiff's request for declaratory and injunctive relief. However, it is not apparent in this case that amendment would be futile with respect to Plaintiff's Eighth Amendment deliberate indifference claim against Defendants as it relates to his allegation that he was denied medical treatment for his seizure. (Doc. 1, at ¶ 25). Indeed, Plaintiff might be able to "nudge[ ] [his] claim[ ] across the line from conceivable to plausible" with specific factual allegations demonstrating that certain Defendants had subjective knowledge of the risk of harm posed to him as a result of the seizure and yet (1) intentionally refused to attend to his serious medical needs, (2) delayed necessary medical treatment based on a non-medical reason; or (3) prevented him from receiving needed or recommended medical treatment, thereby causing him injury. *Rouse*, 182 F.3d at 197. It is therefore recommended that Plaintiff be granted leave to amend only with respect to his Eighth Amendment deliberate indifference claim.

Leave to amend is also appropriate to the extent that Plaintiff intends to name and serve the John Doe Defendants in his complaint. "Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed," however, "an action cannot be maintained solely against Doe defendants." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998). Once a defendant's real name has been identified, a plaintiff may replace the John Doe with the party's real name by filing an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Ballard v. Williams*, No. 3:10-CV-1456, 2012 WL 3113934, at *1 (M.D. Pa. July 31, 2012) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir.

2003)). A plaintiff employing John Does as stand-in defendants must also be wary of Rule 4(m) of the Federal Rules of Civil Procedure, which states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> Fed. R. Civ. P. 4(m).[2]

In the case at bar, Plaintiff's complaint was filed on January 5, 2015, approximately one year ago. A review of the docket reveals that no proof of service or signed waiver of service has been filed by Plaintiff with respect to any of the John Doe Defendants. Thus, the presumptive time period for serving the John Doe Defendants named in Bilby's complaint has long passed. Accordingly, this serves as notice to Plaintiff that he must file an amended complaint within the timeframe provided by the Court that identifies and provides addresses for those John Doe Defendants referenced in the initial complaint so that service can be effectuated as to those Defendants, if he wishes to avoid dismissal of those Defendants from the instant action. In the event Plaintiff fails to do so, the John Doe Defendants in the amended complaint will be subject to dismissal pursuant to Rule 4(m). *See McLaud v. Indus. Res., Inc.*, No. 3:CV-14-737, 2015 WL 737569, at *3 (M.D. Pa. Feb. 20, 2015) ("[T]he filing of an amended complaint does not restart the 120–day service period as to defendants that are not newly added to the complaint.").

---

[2] Rule 4(m) was amended on December 1, 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days. Under either version of Rule 4(m), Plaintiff's presumptive time period for serving the John Doe Defendants named in this case has already passed.

V.  **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 15), be **GRANTED**;

2. Plaintiff's claim for punitive damages against Defendants in their official capacities be **DISMISSED** *sua sponte*;

3. Plaintiff be given **thirty (30) days** leave to amend his complaint to identify the remaining John Doe Defendants and to assert a cognizable Eighth Amendment deliberate indifference claim against certain Defendants arising out of the failure to provide medical treatment for his seizure; and

4. The matter be remanded to the undersigned for further proceedings.

                                              **BY THE COURT:**

**Dated: January 27, 2016**                                *s/ Karoline Mehalchick*
                                                       **KAROLINE MEHALCHICK**
                                                       **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON JAMES BILBY, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-00011 |
| v. | (CAPUTO, J.) |
| SGT. LACEY, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 27, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 27, 2016                           *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States Magistrate Judge**